*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANDREW JOHN-LAWRENCE LAFEY,

Defendant-Appellant.

FOR PUBLICATION
September 27, 2024
9:54 AM

No. 361936
Barry Circuit Court
LC No. 2021-000764-FC

---

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

LETICA, J. (*concurring*).

I concur, but write separately to urge the Legislature to address whether sentencing courts imposing a felony prison sentence should have the same explicit statutory authority to impose a no contact order to protect someone that a court imposing a probationary sentence has. See MCL 771.3(2)(o) ("Subject to [MCL 771.3(2)(11)],[1] as a condition of probation, the court may require the probationer to do 1 or more of the following: . . . (o) Be subject to conditions reasonably necessary for the protection of 1 or more named persons."). Notably, numerous other states authorize a sentencing court to impose a no contact order to protect their crime victims, witnesses, or any other person. See e.g., Ark Stat Ann 5-14-103(d) (authorizing imposition of a no contact order in a rape case when the defendant pleads guilty or no contest or the defendant's appeals have been exhausted and the defendant remains convicted); Fla Stat Ann 921.244(1) (authorizing imposition of a no contact order for certain crimes for the duration of defendant's sentence); Idaho Code 18-920(1) (authorizing imposition of a no contact order for specified offenses "or any other offense for which [the] court finds that a no contact order is appropriate"); NC Gen Stat 15A-1340.50 (authorizing imposition of a permanent no contact order prohibiting future contact by

---

[1] "The conditions of probation imposed by the court under subsections (2) and (3) must be individually tailored to the probationer, must specifically address the assessed risks and needs of the probationer, must be designed to reduce recidivism, and must be adjusted if the court determines adjustments are appropriate. The court shall also consider the input of the victim and shall specifically address the harm caused to the victim, as well as the victim's safety needs and other concerns, including, but not limited to, any request for protective conditions or restitution."

-1-

convicted sex offender with their crime victim); NDCC 12.1-32-02.1.l ("If the person is sentenced to a term of imprisonment, the court may prohibit the person from contacting the victim during the term of imprisonment. For purposes of this subsection, "victim" means victim as defined in section 12.1-34-01."). See also *People v Corrales*, 46 Cal App 5th 283; 259 Cal Rptr 676 (2020) (discussing California statutes that authorize no-contact post-judgment orders); *State v Phillips*, 6 Wash App 2d 651, 674; 431 P3d 1056 (2018) (sentencing court relied on a statute that authorized the "court to impose 'crime-related prohibitions' . . . for the statutory maximum of the crime when the jury verdict reflects the facts warranting the prohibition."); *State v Guill*, 359 Mont 225, 243; 248 P3d 826 (2011), quoting Mont Code Ann 46-18-202(1)(f) (The court had the power to order the defendant not to have contact with her husband because the sentencing statute permitted the court to impose "any restrictions or conditions that are 'reasonably related to the objectives of rehabilitation and the protection of the victim and society.' ").

/s/ Anica Letica